IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MATTHEW WILSON, | Case No. 1:16-cv-00855-CL |
| Plaintiff, | |
| v. | ORDER |
| DECIBELS OF OREGON, INC., and DENNIS SNYDER, | |
| Defendants. | |

CLARKE, Magistrate Judge

The plaintiff alleges violations of state and federal minimum wage and overtime laws. The plaintiff's minimum wage and overtime claims are brought pursuant to the Fair Labor Standards Act and related Oregon state statutes. In addition to these claims, the plaintiff brings a claim for unlawful employment discrimination and wrongful deduction of wages; these claims

are brought exclusively under Oregon law. The defendants seek the written reports and notations of the plaintiff's primary health care provider addressing the plaintiff's medical history dating back five years. In addition, the defendants request personnel files from the plaintiff's past employers. For the reasons discussed below, the requests are granted.[1]

## FACTUAL BACKGROUND

In his First Amended Complaint [ECF No. 13.], the plaintiff contends he "is entitled to recover non-economic damages for the garden variety emotional distress, humiliation, and loss of enjoyment of life" resulting from the defendants' unlawful employment discrimination. The plaintiff's claim for "garden variety emotional distress" goes only to his claim of unlawful employment discrimination under Oregon law; the plaintiff does not seek emotional distress damages for the defendants' alleged violations of federal law.

Because the plaintiff requests emotional distress damages, the defendants seek the plaintiff's primary health care provider's reports and notations on the plaintiff's medical history dating back five years. The plaintiff objects to the discovery of such material; he indicates he does not intend to introduce medical records or expert testimony to support his emotional distress claim. Hence, the plaintiff argues, he has not put his mental or physical health at issue and any such medical records are shielded by the psychotherapist-patient and/or physician-patient privileges. By contrast, the defendants assert the plaintiff waived any privileges by alleging damages for emotional distress; such allegations, the defendants contend, necessarily put the plaintiff's mental conditions at issue.

---

[1] On January 19, 2017, the Court held a status conference in an attempt to resolve this matter informally. The parties, however, disagreed on the applicable law. As will be discussed, after reviewing the current parameters of the law, both state and federal, the Court finds the sought-after medical records and personnel files to be discoverable, with discussed limitations.

Page 2 – ORDER

In addition to medical records, the defendants intend to issue subpoenas to the plaintiff's past employers seeking the plaintiff's personnel files. The plaintiff believes these files are irrelevant and therefore objects.

## DISCUSSION

### I. Medical Records

Because this case involves both federal- and state-law claims, the issue is whether the federal law of privilege or state law of privilege applies. The federal law of privilege in this area is not settled, but many district courts in the Ninth Circuit, including this Court, apply what has been termed the narrow approach to waiver. *See Kinnee v. Shack, Inc.*, Civ. No. 07-1463-AC, 2008 WL 1995458, at *5 (D. Or. May 6, 2008) (stating that the plaintiff did not waive the psychotherapist-patient or the physician-patient privileges "by her general allegation of emotional distress"). Under this theory, when a plaintiff makes a claim for garden-variety emotional distress damages, "without relying on medical records or medical expert testimony for proof at trial," the psychotherapist-patient privilege and/or the physician-patient privilege are not waived, and the plaintiff's medical records remain shielded by such privileges. *Equal Emp't Opportunity Comm'n v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 640 (E.D. Wash. 2011). Rather, it is when the plaintiff relies on the testimony of a psychotherapist or physician, or claims specific disability or medical conditions resulting from the defendant's conduct, that the privileges are waived. *Kinnee*, 2008 WL 1995458, at *5.

By contrast, in Oregon, which also protects confidential physician-patient and psychotherapist-patient communications, *see* ORS § 40.235 *and* ORS § 40.230, a plaintiff waives these privileges if he places his psychological condition into question by claiming emotional distress damages; Oregon makes no garden-variety distinction. *See Baker v. English*,

134 Or. App. 43, 46-47 (1995) *aff'd in part, rev'd in part*, 324 Or. 585 (1997) ("There is no dispute that [plaintiff's] records, as they pertained to plaintiff himself, were not privileged, because plaintiff put his own psychological condition into question by claiming emotional distress damages"); *see also* Or.R.Civ.P. 44(c) ("In a civil action where a claim is made for damages for injuries to the party . . . , upon the request of the [opposing] party, the claimant shall deliver . . . a copy of all written reports and existing notations of any examinations relating to injuries for which recovery is sought. . . .").

Here, the state law of privilege applies. Federal Rule of Evidence 501 specifically states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *See also Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808, 812 (S.D. Cal. 1995) (state privilege law applies to claims "arising under state law . . . where the evidence sought can be relevant only to state law claims . . . ."). As stated, the plaintiff's claim for "garden variety emotional distress" goes only to his claim of unlawful employment discrimination under Oregon law, and the plaintiff does not seek emotional distress damages for the defendants' alleged violations of federal law. Thus, because the plaintiff's employment discrimination claim arises only under state law, Oregon privilege law applies.

Applying Oregon's approach to the present case, the Court finds that the plaintiff has waived his physician-patient and psychotherapist-patient privileges. As discussed, in Oregon, a plaintiff who puts his own psychological condition into question by claiming emotional distress damages waives such privileges; this is true even in cases where the plaintiff's emotional distress damages are garden variety, or in cases where the plaintiff does not intend to introduce medical records or expert testimony to support their emotional distress claims. Accordingly, the plaintiff's treatment records dating back five years are discoverable. The Court notes, however,

that nothing in the plaintiff's First Amended Complaint indicates that he has put his physical health at issue in this case; therefore, discovery is limited to medical records pertaining to his mental or emotional health. *See Hansen v. Combined Transp., Inc.*, No. 1:13-CV-01993-CL, 2014 WL 1873484, at *3 (D. Or. May 8, 2014) (limiting discovery of medical records to mental or emotional health where the plaintiff has not put his physical health at issue).

### I.   Personnel Files

The defendants intend to issue subpoenas to the plaintiff's past employers seeking the plaintiff's personnel files. The plaintiff believes these files are irrelevant and thus objects. Under the Federal Rules of Civil Procedure, a party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed.R.Civ.P. 26(b)(1). "Relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and citations omitted).

The plaintiff's past personnel files are relevant. Plaintiff is suing his former employer, alleging, among other things, that his former employer wrongfully terminated him for protected conduct. *See* First Am. Compl. ¶ 56. The defendants deny this allegation. Thus, information contained in the plaintiff's past personnel files could certainly lead to matters that bear on the issue of termination and whether it was justified; for instance, past personnel files may corroborate the defendant's stated rationale for the plaintiff's termination, or may corroborate any future defense for the defendants' decision to terminate the plaintiff. Such matters, then, are plainly within Rule 26's purview and are therefore discoverable.

///

## ORDER

For the foregoing reasons, the plaintiff has waived his physician-patient and psychotherapist-patient privileges, and the plaintiff's treatment records pertaining to his mental or emotional health dating back five years are discoverable. Additionally, the Court finds the plaintiff's personnel files from past employers to be relevant and thus discoverable.[2]

It is so ORDERED and DATED this ___26___ day of January, 2017.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[2] At the aforementioned January 19, 2017, status conference, the plaintiff indicated that, in order to preserve the record, he may wish to formally file a motion to quash subpoenas related to his medical history and/or personnel files. This Order does not limit the plaintiff's right to do so.

Page 6 – ORDER