IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW WILSON,

        Plaintiff,

    v.

DECIBELS OF OREGON, INC., and
DENNIS SNYDER,

        Defendants.

_____

Case No. 1:16-cv-00855-CL

ORDER



MCSHANE, Judge:

Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R&R") (ECF

No. 82), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P.

72(b). Plaintiff objects to the R&R's denial of Plaintiff's motion for class certification. ECF No.

90. I have reviewed the case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct and adopt.

## **<u>DISCUSSION</u>**

Plaintiff is an installation technician who alleges that his former employer, defendant Decibels of Oregon Inc., routinely undercounts the technicians' weekly hours, thereby failing to pay the technicians the overtime pay they are due in violation of state and federal overtime laws.

Installation technicians are paid on a piece-rate system based on the number of installation jobs that they complete. Hours outside of an installation job, such as attending meetings and trainings, are to be paid at an hourly rate. Plaintiff claims that Decibels routinely fails to compensate for other job related tasks, including hours spent at the company's warehouse in preparation for work, time waiting between installations, drive time, and obligations required at the end of the day.

In his motion for class certification, Plaintiff argues that all of the installation technicians are similarly situated because defendant followed a "common policy or plan" to undercount the hours the technicians worked. The installation technicians are similarly situated in that they actually "worked more than 40 hours in a week" but were not paid for a certain hour or hours. Pl.'s Obj 2, ECF No. 90.

In support of their motion for class certification, Plaintiff has submitted declarations from several technicians describing their individual understanding of Decibel's pay procedures and policies. These declarations demonstrate that the individual employees were not similarly situated. Upon inspection, the declarations reveal that each employee had a different understanding of how they were to be paid, as well as what pay policies Decibel had in place. As a result, it is impossible to determine what unpaid wages, if any, were due to each member of the

2 – ORDER

class without conducting an individual inquiry. Because plaintiff failed to show that the plaintiff

and members of the proposed class are subject to a common policy or are similarly situated,

Judge Clarke correctly recommended that class certification be denied.

## **CONCLUSION**

I adopt the Report and Recommendation (ECF No. 82). Plaintiff's motion to certify (ECF

No. 35) is DENIED and Defendants' motion to strike (ECF No. 53) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of August, 2017.

_____/s/ Michael J. McShane_____
Michael J. McShane
United States District Judge

3 – ORDER