Karen L. O'Connor, OSB No. 953710
karen.oconnor@stoel.com
Caroline J. Livett, OSB No. 151871
caroline.livett@stoel.com
John B. Dudrey, OSB No. 083085
john.dudrey@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

MATTHEW WILSON,

                Plaintiff,

v.

DECIBELS OF OREGON, INC., and
DENNIS SNYDER,

                Defendants.

Case No.:  1:16-CV-00855-CL

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

## I.  Argument

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation (F&Rs) should be denied.  The F&Rs correctly grant summary judgment in favor of Defendants Decibels of Oregon, Inc. and Dennis Snyder (collectively Decibels) on plaintiff's claim that he was not paid overtime at 1.5 times his regular rate of pay.  The F&Rs correctly deny summary judgment

Page 1   -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

on plaintiff's claim that Decibels did not count all hours worked for the purpose of calculating

overtime and on plaintiff's claim that certain payroll deductions were unlawful.

**A.    The F&Rs Correctly Find That Plaintiff Was Paid Overtime at 1.5 Times His Regular Rate of Pay**

Plaintiff alleges that he was only paid overtime time at a half-time rate.  As the F&Rs

correctly explain, plaintiff is wrong.

As explained in detail in Decibels' summary judgment briefing, for all hours worked in

excess of 40 in a workweek, plaintiff received an overtime premium *in addition* to his piece-rate

and hourly pay.  For example, if plaintiff worked 50 hours and made $500 in piece-rate and

hourly pay, then his "regularly hourly rate" would be $10 an hour ($500/50 hours).  Plaintiff

would be paid 50 hours of straight time at $10 an hour *plus* 10 hours of overtime at $5 an hour,

for a total of $550.  In other words, as the F&Rs correctly find, "Decibels paid Plaintiff *both* his

regular rate plus a premium of .5 times his normal rate" for all hours worked in excess of 40 in a

workweek.

Decibels' use of an overtime premium is exactly what federal and state law require:

> [F]or example, if the employee has worked 50 hours and has
> earned $491 at piece rates for 46 hours of productive work and in
> addition has been compensated at $8.00 an hour for 4 hours of
> waiting time, the total compensation, $523.00, must be divided by
> the total hours of work, 50, to arrive at the regular hourly rate of
> pay—$10.46.  For the 10 hours of overtime the employee is
> entitled to additional compensation of $52.30 (10 hours at $5.23).
> For the week's work the employee is thus entitled to a total of
> $575.30 (which is equivalent to 40 hours at $10.46 plus 10
> overtime hours at $15.69).

29 C.F.R. § 778.111(a).

> (B) For example, an employee who has earned $500 during
> a 50 hour work week must be paid an additional sum of $50 for the
> ten overtime hours, or a total of $550 (50 hours at $10 per hour and
> the ten overtime hours at $5.00 per hour).

Page 2    -    **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

Or. Admin. R. 839-020-0030(3)(b)(B).

Plaintiff's claim that he was not paid overtime at 1.5 times his regular hourly rate stems from his failure to understand why his paychecks do not show 40 hours of "straight time" and 10 hours of overtime.  As the F&Rs correctly find, plaintiff's confusion does not obviate the fact that 40 hours of "straight time" plus 10 hours of overtime is exactly the same – mathematically – as 50 hours of straight time and 10 hours of "half time."  In either event, for hours worked in excess of 40 in a workweek, plaintiff received "straight time" pay for those additional hours, plus an additional "half time" premium, which results, precisely, in the required "time and a half" for hours worked in excess of 40 in a workweek.

As the F&Rs correctly find, plaintiff's paystubs, which reflect an overtime premium in addition to plaintiff's regular piece-rate and hourly pay, plainly demonstrate that plaintiff was paid 1.5 times his regular rate for hours in excess of 40 in a workweek.  The overtime premium is a premium, not an "overtime rate," and is *in addition* to the piece-rate and hourly pay.  The F&Rs correctly dismiss plaintiff's claim that Decibels did not pay him 1.5 times his regular rate of pay for overtime hours worked.

**B.     The F&Rs Correctly Find That There Are Issues of Fact Regarding Whether Decibels Failed to Properly Compensate Plaintiff for Time Spent Checking in at the Dispatch Office in the Morning and at the Weekly "Refresh"**

Plaintiff claims that Decibels failed to properly count the time he spent at the dispatch office in the morning and for the weekly "refresh" as "hours worked" for the purpose of calculating overtime.  The F&Rs correctly find that there are issues of fact precluding summary judgment on this claim.

Page 3    -    **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

1.    <u>There are issues of fact regarding whether Decibels adequately maintained</u>
<u>records for time spent at the dispatch office and time spent performing other tasks</u>

The F&Rs correctly find that there are issues of fact regarding whether Decibels

adequately maintained records for the time that plaintiff spent at the dispatch office and for the

time that plaintiff spent performing other work tasks not tied to specific installation jobs.

In its summary judgment briefing, Decibels presented evidence that plaintiff was required

to use timecards to record time spent at the dispatch office gathering or refreshing equipment,

time spent in meetings and trainings, and time spent performing other work tasks that were not

tied to specific installation jobs.  Decibels presented evidence that plaintiff rarely submitted

timecards and never submitted timecards for any time spent at the dispatch office in the morning

or at the weekly "refresh," despite plaintiff's training and the requirement to do so.  Decibels

explained that the reason plaintiff failed to submit timecards was probably because he decided

that filling out a timecard for a few minutes was not worth his time when he was already

receiving a significant amount of piece-rate pay.  In his briefing, plaintiff claimed that he tried to

submit timecards, but that they were disallowed or "thrown out."

As the F&Rs correctly conclude, employers must have an opportunity to comply with the

provisions of the Fair Labor Standards Act (FLSA), and if an employee prevents his or her

employer from acquiring knowledge of his or her hours (for example, by failing to submit

timecards), then the employer's failure to pay overtime is not a FLSA violation.  In other words,

an employee cannot claim that his or her employer was not properly recording the hours he or

she worked when this is based on the employee's own failure to record the hours worked.

*Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981).  Here, as the

F&Rs correctly find, there are issues of fact regarding whether Decibels failed to adequately

Page 4    -    **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

maintain records (for instance, by throwing out plaintiff's timecards) or whether plaintiff failed

to report the hours he worked (as in *Forrester*, 646 F.2d at 414).

 2. <u>There are issues of fact regarding whether any time spent at the dispatch office in the morning or at the weekly refresh was de minimis</u>

 The F&Rs also correctly find that there are issues of fact regarding whether time spent at

the dispatch office in the morning and at the weekly refresh was de minimis. In its summary

judgment briefing, Decibels presented admissible evidence that the time spent at the dispatch

office in the morning and at weekly refresh was extremely brief.  The time spent at the dispatch

office in the morning is literally a check-in so that Decibels can ensure that technicians are

actually going to work that day and can provide them with any additional equipment they need.

Technicians are not required to stay at the dispatch office for any length of time, and the actual

check-in should take five minutes or less.  Similarly, the time at refresh, which happens just once

a week at the end of the day, is very short.  Technicians simply return any unused or returned

equipment. Like in the morning, technicians are not required to stay at the dispatch office for any

length of time, and the actual refresh should take five minutes or less.

 As the F&Rs correctly explain, an employer is not required to compensate employees for

time that is de minimis.  *See Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) ("7 to

8 minutes spent by employees reading the log book and exchanging information, even if not

preliminary, was de minimis and therefore not compensable"). On the other hand, time spent

performing work that is necessary to the employee's principal activities (such as donning or

doffing gear or gathering equipment), if not de minimis, is compensable "work time."

 Here, as the F&Rs correctly find, there are issues of fact regarding the amount of time

plaintiff spent at the dispatch office in the morning and at refresh, particularly, whether it was de

minimis or compensable work time.  For this reason, and because there are issues of fact

Page 5  -  **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

regarding whether Decibels failed to maintain timecards or whether plaintiff failed to record his time, the F&Rs correctly deny summary judgment on plaintiff's overtime claim.

**C.      The F&Rs Correctly Find That There Are Issues of Fact Regarding Whether Plaintiff's Waiting Time Between Installation Jobs Was Compensable Work Time**

Plaintiff claims that Decibels failed to count time spent waiting between installation jobs as "hours worked" for the purpose of calculating overtime.  The F&Rs properly concluded that factual issues exist regarding whether the time plaintiff spent waiting between jobs was compensable work time.

As the F&Rs correctly explain, an employee's wait time is compensable if the employee is "'engaged to wait,'" but not if the employee is "'wait[ing] to be engaged.'" *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)).  As the F&Rs explain, this inquiry is necessarily fact-intensive, but in evaluating the facts, two factors are to be considered: (1) the degree to which the employee is free to engage in personal activities; and (2) the agreement between the parties.

In its summary judgment briefing, Decibels presented admissible evidence that plaintiff was free to do as he pleased between installation jobs, including plaintiff's own deposition testimony in which he admitted that he had no meaningful restrictions on how he spent his time between installation jobs.  Decibels also presented evidence that plaintiff was paid on a piece-rate basis (i.e., per installation job), rather than by the hour, which further demonstrated that his waiting time was not compensable work time.

In his briefing (and notwithstanding his deposition testimony), plaintiff claimed that he was unable to engage in personal activities while waiting between jobs and essentially had to be

Page 6   -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

"sitting there waiting by the company rig."  Plaintiff also submitted declarations from other technicians suggesting that there was some confusion about Decibels' piece-rate pay structure.

As the F&Rs correctly find, this factual disputes preclude plaintiff's motion for summary judgment regarding whether plaintiff was entitled to be compensated for wait time.  Specifically, there are issues of fact as to whether plaintiff was able to use waiting time between jobs effectively for his own purposes and as to whether plaintiff agreed or understood that he would not be paid for waiting time.

In his Objections, plaintiff argues that "an agreement not to compensate an employee for wait time under a piece-rate compensation plan would be unlawful and unenforceable" and that he was entitled to be paid from 7:15 a.m. until the end of the day.  Plaintiff has no support for this and is wrong.

As explained in Decibels' summary judgment briefing, if an employer were always required to pay an employee from the start of the day until the end of the day, it would be difficult (if not impossible) for an employer to ever have a lawful piece-rate compensation system. Under Decibels' lawful piece-rate system, plaintiff's "hours worked" included productive time (time on installation jobs, including on jobs that are cancelled or "go down") and non-productive time (traveling between installation jobs and performing other work tasks, such as attending safety meetings and trainings).

Whether time spent waiting between jobs was also required to be counted as "hours worked" depends on whether plaintiff was "waiting to be engaged" during this time or "engaged to be waiting."  As the F&Rs explain, this is a fact-intensive inquiry that depends on the degree to which the employee is free to engage in personal activities and the agreement between the parties. The agreement is not, as plaintiff would have it, an agreement to waive rights under the

Page 7   -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

FLSA (which would be unlawful). It is an understanding that the employee can use time spent waiting between jobs for his own purposes and will not be paid for the time, and is one factor that courts consider when determining whether waiting time is "hours worked." *See Owens*, 971 F.2d 347 (if employees are only paid for time spent actually working, and not for time spent merely waiting to work, then that may create an implied agreement that the parties do not characterize waiting time as work); *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 939 (9th Cir. 2004) ("'An agreement between the parties which provides at least some type of compensation for on-call waiting time may suggest the parties characterize waiting time as work. Conversely, an agreement pursuant to which the employees are to be paid only for time spent actually working, and not merely waiting to work, may suggest the parties do not characterize waiting time as work.'" (citation omitted)).

In sum, there are factual issues regarding whether waiting time between jobs was "hours worked," and the F&Rs correctly deny summary judgment on plaintiff's overtime claim.

**D.    The F&Rs Correctly Find That There Are Issues of Fact Precluding Summary Judgment on Plaintiff's Tool and Equipment Paycheck Deduction Claim[1]**

Plaintiff claims that Decibels unlawfully deducted the cost of tools and equipment that plaintiff lost or damaged from his paycheck. The F&Rs correctly find that there are issues of fact that preclude summary judgment on plaintiff's unlawful deduction claim.

As the F&Rs explain, employers are permitted to make paycheck deductions as long as the deductions are (1) authorized in writing by the employee, for the employee's benefit, and recorded in the employer's books; *or* (2) the employee has voluntarily signed an authorization

---

[1] The parties also filed cross-motions for summary judgment on plaintiff's claim that paycheck deductions for plaintiff's personal use of a company cellphone were unlawful. The F&Rs deny both motions, finding that there are issues of fact regarding whether plaintiff voluntarily authorized the paycheck deduction. Plaintiff has not objected to the F&Rs on this claim.

Page 8    -    **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

for a deduction, provided that the ultimate recipient of the money withheld is not the employer, and the deduction is recorded in the employer's books.  Or. Rev. Stat. § 652.610(3)(b), (c).

In its summary judgment briefing, Decibels presented evidence that plaintiff was expected to pay for tools and equipment that he lost or damaged.  Rather than having to pay for the tools and equipment directly, plaintiff was given the option to have the replacement cost deducted from his paycheck, which plaintiff chose to do multiple times throughout his employment.  Decibels submitted over a dozen deduction forms signed by plaintiff, which authorize the deduction of various amounts from plaintiff's paycheck for replacement tools and equipment.  Decibels also presented evidence that (1) the deductions were for plaintiff's benefit, as Decibels is able to buy tools and equipment in bulk and often at a discount, which meant that the cost to plaintiff was significantly less than he might otherwise have to pay; and (2) the ultimate recipient of the charge was the supplier of the tools and equipment, not Decibels. Decibels also presented evidence that the deductions were recorded in Decibels' books.

In his briefing, plaintiff argued that (1) Decibels did not obtain written authorizations for certain deductions, (2) the deductions were not voluntary, and (3) because Decibels had not provided receipts for the replacement tools and equipment there was no way of knowing whether the supplier was the ultimate recipient of the money and whether the deductions were for plaintiff's benefit.

The F&Rs correctly find that there are issues of fact precluding summary judgment on plaintiff's unlawful deduction claim.  First, there are issues of fact regarding whether the deductions were truly voluntary – while Decibels presented evidence that plaintiff could choose between a paycheck deduction and replacing the item himself, plaintiff claimed that he felt he had no choice but to sign the forms or "get fired."  Second, there are issues of fact regarding

Page 9   -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**

94240008.2 0057992-00001

whether Decibels obtained written authorizations for all of the paycheck deductions.  For example, on January 27, 2016, $34.81 was deducted from plaintiff's paycheck, and there are issues of fact regarding whether this deduction was authorized on November 3, 2015, as plaintiff signed a written authorization for $34.81 on this date.[2]  Finally, there are issues of fact regarding whether the ultimate recipient of the deductions was Decibels and whether the deductions were for plaintiff's benefit.  The F&Rs correctly deny summary judgment on plaintiff's unlawful deduction claim.

## II.  Conclusion

For the reasons stated above and the reasons outlined in Decibels' summary judgment briefing, plaintiff's Objections to the F&Rs should be denied.

DATED:  October 6, 2017.                    STOEL RIVES LLP

                                            s/ Karen L. O'Connor
                                            Karen L. O'Connor, OSB No. 953710
                                            Caroline J. Livett, OSB No. 151871
                                            John B. Dudrey, OSB No. 083085
                                            Telephone:  (503) 224-3380

                                            Attorneys for Defendants

---

[2] Plaintiff's Objections also argue that Decibels did not obtain written authorization for a paycheck deduction on October 16, 2013.  To the extent this deduction falls within the applicable statute of limitations, the F&Rs correctly find that plaintiff authorized this deduction on October 31, 2013. There is no authority for plaintiff's proposition that written authorization is required before the deduction is made, nor is that what Or. Rev. Stat. § 652.610(3) requires.

Page 10  -   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE COURT'S FINDINGS AND RECOMMENDATIONS REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS (DKT #97)**