IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MATTHEW WILSON,                                    Civ. No. 1:16-cv-00855-CL

        Plaintiff,                              **OPINION & ORDER**

   v.

DECIBELS OF OREGON, INC.;
DENNIS SNYDER,

        Defendants.

_____

CLARKE, Magistrate Judge.

    Plaintiff Matthew Wilson filed this action on May 16, 2016, alleging violation of the federal Fair Labor Standards Act ("FLSA"), as well as Oregon state law wage and hour claims. ECF No. 1. Litigation proceeded for nearly two years and a number of claims were eliminated. After dispositive motions, but before trial, the parties engaged in a judicial settlement conference at which they were able to successfully reach an agreement concerning the remaining claims. ECF Nos. 111, 112, 113. Pursuant to that negotiated settlement, a judgment was entered on April 24, 2018, directing Defendants to pay $20,500 to Wilson, "plus reasonable attorney fees and costs to be determined by the Court pursuant to FRCP 54(d)." ECF No. 115.

    On May 8, 2018, the Wilson filed a Motion for Attorney Fees, ECF No. 116, in which he sought an award of fees and costs in the amount of $138,636.22, later increased to $141,082.50. Defendants do not contest that Wilson is the prevailing party and therefore entitled to fees and costs, but dispute the reasonableness of the requested award. The Court heard oral argument on

August 6, 2018, and all parties have consented to the jurisdiction by a magistrate judge. ECF Nos. 107, 135. The motion is GRANTED in part and DENIED in part.

## LEGAL STANDARDS

The prevailing party is entitled to recover his fees, expenses, and costs pursuant to the fee-shifting provisions of 29 U.S.C. § 216(b) and ORS 652.200, ORS 653.055(4), and ORS 659A.885(1). *See also* Fed. R. Civ. P. 54(d) (prevailing party entitled to costs and attorney fees if provided by statute, rule, or order); LR 54-1; 54-3 (providing same).

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The court must then decide whether to enhance or reduce the lodestar figure by evaluating a number of factors. *Moreno v. City of Sacremento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The court may adjust the lodestar to account for factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court

need only consider the factors not already subsumed in the initial lodestar calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

There is a strong presumption that the lodestar method produces a reasonable figure and should only be enhanced or reduced in exceptional circumstances. *Del. Valley Citizens*, 478 U.S. at 565; *Fischer*, 214 F.3d at 1119 n.4. Courts have discretion, however, to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36, or (2) upward in "rare" and "exceptional" cases. *Del. Valley Citizens*, 478 U.S. at 565.

## DISCUSSION

Wilson seeks an award of $141,082.50 in attorney fees and $4,153.72 in costs. Defendants challenge both the rates and hours claimed by Wilson and argue for $21,905.25 in attorney fees and $400 in costs.[1]

### I.    Attorney Fees

The calculation of reasonable attorney fees begins with the lodestar calculation. The Court must therefore determine the reasonable hourly rate and multiply that rate by the number of hours reasonably expended in the case.

### A. Reasonable Hourly Rate

A reasonable hourly rate is determined by looking at "prevailing market rates in the relevant community," as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100,

---

[1] In his Reply, ECF No. 130, Wilson argues for the first time that his requested attorney fees and hours should be deemed reasonable based on the rates and hours claimed by Defendants' counsel in an unrelated case. *Lang v. Oregon Shakespeare Festival Association et al.*, Case No. 1:12-cv-01844-CL. This Court never reached the merits of the *Lang* defendants' attorney fee request because the motion was denied in its entirety on other grounds. *See*, 1:12-cv-01844-CL, ECF Nos. 159, 165. The Court passed no judgment on the reasonableness of those fees and so the *Lang* case is of no value whatsoever in resolving the present motion.

1105 (9th Cir. 2015). The party requesting the fees has the burden of producing "satisfactory evidence," in addition to the affidavits of counsel, that the requested rates are in step with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (internal quotation marks and citation omitted). The best evidence of the prevailing rates in Oregon is the Oregon State Bar Economic Survey, most recently issued in 2017. LR 54-3; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp.2d 850, 857 (D. Or. 2002); *Mumford v. Electric Inst., Inc.*, Case No. 3:15-cv-00375-AC, 2016 WL 8711693, at *2 (D. Or. April 29, 2016).

In this case, Wilson had the assistance of three attorneys: Quinn Kuranz, Judy Snyder, and Holly Lloyd, as well as a paralegal, Kathryn Arnett.

### 1. Quinn Kuranz

Quinn Kuranz was Wilson's primary attorney in this case. Wilson asserts that $300 per hour is a reasonable rate for Kuranz's services, while Defendants argue for a reduced rate of $250.

Kuranz has been licensed to practice law in Oregon since 2011. Kuranz Decl. ECF No. 117. The Economic Survey shows that an average Oregon attorney with Kuranz's level of experience (between 4 and 6 years) bills $231 per hour, with $257 representing the 75th percentile. Kuranz Decl. Ex. 14, at 38, ECF No. 117-14.

Kuranz is based in Portland and so urges the Court to apply the rates for Portland attorneys: an average rate of $249 per hour, with $300 as the 75th percentile. *Id.* Defendants argue that, as this case was filed and litigated in southern Oregon, the prevailing rates for attorneys in that region should apply. Defendants are correct that, under these circumstances, courts generally look to the rates customarily charged in southern Oregon. *See, e.g., Nance v.*

*May Trucking Co.*, No. 3:12-cv-01655-HZ, 2014 WL 6633111, at \*3 (D. Or. Nov. 21, 2014)

("Generally the relevant community is the forum in which the district court sits." (internal

quotation marks and citation omitted)).    The Court finds the declarations attesting to the general

lack of attorneys experienced with wage and hour claims in southern Oregon to be persuasive,

however.   Breed Decl., ECF No. 120; Dale Decl., ECF No. 121; Leiman Decl., ECF No. 122.

Furthermore, the Economic Survey has no data for attorneys with Kuranz's level of experience

in southern Oregon.   Kuranz Decl. Ex. 14, at 38.   The Dale Declaration suggests that the

statewide averages might supply a reasonable alternative, but this Court has previously looked to

the Portland rates as a starting point under similar circumstances. *Arthur v. Murphy Co.*. Civ.

No. 10-3142-CL, 2012 WL 3010996, at \*3 (D. Or. July 23, 2012).   The Court will follow that

practice in this case, although for the sake of comparison it will note the statewide rates, as well

as the southern Oregon rates when they are available.

The Court concludes that Kuranz's requested rate of $300 is reasonable.   It represents the

75th percentile for attorneys with his level of experience in Portland and it does not grossly

exceed the average statewide rates for the same category.

### 2.  Judy Snyder and Holly Lloyd

Wilson retained Portland-based attorney Judy Snyder to assist Kuranz with the trial phase

of the case.  Kuranz Decl.  Synder has been practicing law in Oregon since 1973.  Snyder Decl.

ECF No. 118.  Wilson seeks attorney fees for Snyder at her customary rate of $450 per hour. *Id.*

The average rate for attorneys with more than 30 years of experience is $332 statewide, $413 in

Portland, and $229 in southern Oregon.  Kuranz Decl. Ex. 14, at 40.  In the Portland area, $495

per hour represents the 75th percentile. *Id.*  In light of Snyder's considerable experience and

reputation, the Court concludes that a rate of $450 is reasonable.

Holly Lloyd is an associate in Snyder's practice and was, like Snyder, retained to assist Kuranz with the trial phase of litigation. Syder Decl.; Kuranz Decl. Lloyd has been practicing law since 1994. Snyder Decl. Lloyd's requested rate is $375 per hour, which is the rate she customarily charges her own clients. Snyder Decl. The average rate for attorneys with Lloyd's level of experience is $307 statewide, $394 in Portland, and $248 in southern Oregon. Kuranz Decl. Ex. 14, at 39. The 75th percentile is $350 statewide, $475 in Portland, and $275 in southern Oregon. *Id.* Based on these figures, the Court concludes that $375 is a reasonable rate for an attorney with Lloyd's level of experience.

### 3. Kathryn Arnett

Wilson also seeks paralegal fees for the work performed by Kathryn Arnett, at a rate of $125 per hour. Defendants assert that Arnett is not a paralegal and, to the extent Wilson may recover fees for her work, Arnett's rate should be $20 per hour.

The Oregon State Bar Economic Survey does not include information about hourly rates charged by paralegals in Oregon. In assessing claims for paralegal fees, courts within this District have noted that "a reasonable hourly rate for a paralegal should not exceed that of a first year associate." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp.2d 1228, 1248 (D. Or. 2013). That determination is not the end of the inquiry, however, as "the attorney hourly rate is used as a ceiling and is not by itself determinative of a reasonable hourly rate." *Id.* at 1249. Courts look closely at the educational and occupational background of the paralegal in question when crafting a reasonable rate. *Id.*; *see also Muller v. County Mut. Ins. Co.*, No. 3:14-cv-01345-MO, 2017 WL 6209701, at *9 (D. Or. Dec. 8, 2017) ("I do not find reasonable the requested $150 hourly rate, because it is unclear from the record whether Ms. Calcagno has a paralegal certification, or how long she has been a paralegal rather than a legal assistant.").

In *Precision Seed Cleaners*, the court declined to award a paralegal fee rate of $170, finding it unreasonably high. 976 F. Supp.2d at 1249. Instead, the court awarded a rate of $125 to a paralegal with a certification and ten years of experience as a paralegal and a rate of $115 to a paralegal with a degree in paralegal studies and an unknown number of years of experience. *Id.* at 1248-49. In examining the claims of the other paralegals, the court noted that none of them had any education or experience as a paralegal, although some had bachelor's degrees or experience working as legal assistants. *Id.* at 1249. Under those circumstances, the court found a rate of $50 per hour to be reasonable. *Id.*

In this case, Arnett has a bachelor's degree in American Studies and a background in legislative policy, including work with an environmental lobbying group and in the offices of a California state senator. Arnett Decl. ECF No. 119. It does not appear from this record that Arnett has a degree or certification qualifying her as a paralegal or any experience working as a paralegal prior to her employment with Kuranz. It is unclear how long Arnett has been Kuranz's legal assistant, although her earliest billed hours date to January 2018 and so the Court infers that she has been employed in that position for at least six months. Arnett Decl. Ex. 1, at 2. Accordingly, the Court concludes that the requested rate of $125 per hour, which courts within this District have awarded to paralegals with significant education and experience in their field, is not reasonable. By the same token, however, Defendants' suggestion of $20 per hour is unreasonably low for an employee of Arnett's education and experience and for the nature of the work she performed. The Court concludes that a paralegal rate of $90 per hour is reasonable.

## B. Reasonable Number of Hours

The Court is responsible for determining the reasonableness of a fee petition. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The party seeking the fee award bears the

burden of demonstrating the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. This burden can be satisfied by submitting documentary evidence supporting the hours worked and fees claimed. *Id.* at 433; *$28,000 in U.S. Currency*, 802 F.3d at 1105. Fee petitions that include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *See Fischer*, 214 F.3d at 1121 (noting district court has authority to reduce or deny fee requests that are "poorly documented."). Reasonable time spent in preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

In this case, Wilson is claiming 319.30 hours for Kuranz,[2] 11.40 hours for Snyder, 7.90 hours for Lloyd, and 166.40 paralegal hours for Arnett.

## 1. Clerical and Paralegal Tasks

Defendants object that many of the hours claimed by Wilson were spent on clerical tasks and are not independently recoverable. "Costs associated with clerical tasks are typically considered overhead expenses in an attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp.2d 1169, 1179 (D. Or. 2012); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing fees for clerical tasks such as filing and organization). It is well settled that the court may reduce an attorney's hours for time spent performing clerical work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting the dollar value of non-legal work is "not enhanced" because it was

---

[2] Kuranz's gross hours, not including time spent on the Reply or in arguing this motion, was 434.40 hours. Kuranz Decl. Ex. 1. Kuranz conceded 72.10 hours in filing this fee petition. Kuranz Decl. Ex. 2. In his Reply, Kuranz conceded a further 4.10 hours. Reply Mem. Kuranz claims 38.9 hours spent preparing this motion. Kuranz Decl. Ex. 1; O'Connor Decl. Ex. A, at 17. The Court will address the time spent preparing the fee petition separately and so does not include those hours in the baseline lodestar analysis for the underlying case. The total also includes 14.00 hours for Kuranz's travel time, billed at half his normal rate.

performed by a lawyer); *Sterling v. Savings Bank v. Sequoia Crossing LLC*, Civ. No. 09-555-AC, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.").

### a. Kuranz

With respect to the hours claimed by Kuranz, Defendants challenge 5.40 hours as spent performing non-billable administrative or clerical tasks. O'Connor Decl. Ex. A, at 10-11. ECF No. 126-1. In his Reply, Wilson concedes that most of the challenged hours are non-billable. Reply Mem. 5. ECF No. 130. Wilson does not concede two particular entries:

On February 1, 2017, Kuranz billed 0.50 hours for "T/C [telephone call] w/Client; discussed deposition order; review case file; organize documents; prepare for depositions." Kuranz Decl. Ex. 1, at 6. For the purposes of this entry, which contains five distinct tasks, only one of which is clearly clerical in nature, the Court will assume that Kuranz devoted equal time to each task. Kuranz's total hours will therefore be reduced by 0.10.

The second challenged entry is for 5.10 hours on February 21, 2017. That entry reads "Prepare for Depositions; Review Discovery and pull documents for depositions; Final Preparation; Focus on Wage Claims." Kuranz Decl. Ex. 1, at 8. While Wilson defends this entry as identifying documents for depositions, Defendants assert that this is impermissible block-billing and that the claimed 5.10 hours should be reduced by 1.00 hour for time spent pulling and copying documents, which they assert is a clerical task.

"The courts of the District of Oregon have for many years acknowledged the problem of 'block billing' attorney time expenditures for fee petition purposes." *Ayala v. Cook Family*

*Builders, LLC*, 3:17-CV-266-PK, 2018 WL 1631453, at \*4 (D. Or. Mar. 6, 2018) (citing *Frevach*

*Land Co. v. Multnomah Cnty.*, No. CV-99-1295-HU, 2001 WL 34039133, at \*10-12 (D. Or.

2001)).

> For purposes of fee petitions filed in the District of Oregon, block billing is defined as any time entry of three or more hours either containing four or more tasks or, in the alternative containing two or more tasks, where at least one of the tasks could have taken anywhere from a small to a substantial amount of time. Notwithstanding the foregoing, closely related but discretely identified block-billed tasks will be aggregated into a single task for purposes of determining whether the District of Oregon's prohibition against block billing has been violated. Because the practice of block billing systematically impairs the court's ability to ascertain the reasonableness of an attorney's time expenditures, the courts of the District of Oregon have of long standing adopted the practice of eliminating block-billed time entries in their entirety from the lodestar calculation.

*Ayala*, 2018 WL 1631453, at \*4 (internal citations omitted).

Although the challenged entry flirts with the impermissible practice of block billing, the Court does not believe that striking the entire entry is necessary. Pulling the documents appears to have been part of Kuranz's review of discovery and "Focus on Wage Claims," seems to have been a "note-to-self," rather than a distinct task. Upon review, the Court finds Defendants' suggestion reasonable and reduces the hours claimed by Kuranz by 1.00 for the time spent pulling and copying documents for depositions on February 21, 2017, as that time was spent performing non-billable clerical work.

Finally, Defendants argue that 23.10 of the hours claimed by Kuranz were spent performing paralegal tasks and that Kuranz should only be permitted to bill that time at a reduced "paralegal rate" of $100 per hour. O'Connor Decl. Ex. A, at 12-13. The Court has reviewed the challenged entries, which all relate to document and discovery review, and is not convinced. While experienced paralegals and law clerks are often entrusted with review of discovery materials, that work is just as often assigned to junior attorneys. Kuranz is the only attorney in

his practice, with no junior associates available to perform the tedious but necessary work of document review. The Court finds no justification for reducing Kuranz's fee rate for the time spent reviewing discovery in this case.

In sum, the Court reduces the hours claimed by Wilson for Kuranz by 1.10 hours for time spent on administrative and clerical tasks, in addition to those hours Wilson concedes in his Reply. The hours Defendants characterize as spent on "paralegal tasks" will be billed at Kuranz's full rate.

### b. Arnett

With respect to the hours claimed for Arnett's work, the Court must distinguish between clerical work, which is not recoverable, and the more substantive tasks that justify the employment of a paralegal. In *Key Bank, N.A. v. Van Noy*, 598 F. Supp.2d 1160 (D. Or. 2009), the court granted fees for a paralegal performing "tasks which required the application of certain legal knowledge and the exercise of judgment," but not for secretarial tasks. *Id.* at 1165. "Paralegal costs may be recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" *Id.* at 1166 (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)).

In this case, Arnett's responsibilities primarily involved the preparation of a voluminous spreadsheet detailing the sums Wilson contended he was owed in unpaid overtime, as well as the gaps between installation assignments. Arnett Decl. The spreadsheet was prepared by aggregating information from Wilson's various employment records, while also "revising the wage calculation formula and spreadsheet format to create the most accurate overtime calculation possible." *Id.* Wilson claims that this involved "thoughtful analysis of the records

and mathematical skills," and anticipated that the spreadsheet would be used in settlement negotiations and as a potential trial exhibit. *Id.*

The Court has reviewed the record and is satisfied that Arnett's work went beyond simple data entry and cannot reasonably be classified as clerical or administrative in nature. The Court therefore concludes that Wilson is entitled to recover fees for the 166.40 hours of work performed by Arnett. As previously discussed, these hours will be billed at a paralegal rate of $90 per hour.

### 2. Multiple Attorneys

In addition to Kuranz, Wilson retained Snyder and Lloyd as expert trial counsel in the months before the parties reached a settlement. Kuranz Decl. Defendants object to several instances where multiple attorneys attended the same conference or hearing and both attorneys billed for the time. The courts of this District routinely exclude from the lodestar calculation any time entries indicating that more than one lawyer performed the same task:

> A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent. Instead it can only shift the reasonable attorney fee expended. A fee that is "not excessive" may still be unreasonable. When attorneys hold a telephone or personal conference, good "billing judgment" mandates that only one attorney should bill that conference to the client, not both attorneys. The same good "billing judgment" requires attorneys not to bill for more than two attorneys to review pleadings or to attend oral argument.

*Lemus*, 876 F. Supp.2d at 1179 (quoting *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1657-ST, 2001 WL 34045734, at *5 (D. Or. Feb. 8, 2001)).

On November 27, 2017, Kuranz billed 1.40 hours for "Prepare Motion to Reopen Discovery; Prepare for Hearing w/Court; Rule 16 Conference held w/ the Court." Kuranz Decl. Ex. 1, at 19. Snyder also billed 0.30 hours for attending the Rule 16 conference. Snyder Decl. Ex. 1, at 1. ECF No. 118-1. The Court is not convinced it was necessary for both Kuranz and

Snyder to attend that routine hearing.[3]  In any event, the "good billing judgment" discussed in *Lemus* mandates that only one attorney should bill for attending the conference.  The Court concludes that Kuranz's attendance, as the lead attorney and the one most experienced in the case, was reasonably necessary.  Accordingly, the Court reduces the hours claimed by Wilson for Snyder by 0.30 hours for the time spent at the scheduling conference on November 27, 2017.

On January 8, 2018, Kuranz billed 0.30 hours for "T/C to Cooperating Counsel Holly Lloyd to discuss case status; division of labor toward trial."  Kuranz Decl. Ex. 1, at 19.  Lloyd also billed 0.30 hours for the same telephone call and a follow-up email.  Snyder Decl. Ex. 1, at 1.  "In general, two attorneys cannot bill for communicating with each other, as such time is duplicative and unnecessary."  *Muller*, 2017 WL 6209701, at \*5 (internal quotation marks and citation omitted).  Good billing judgment mandates that only one attorney be permitted to bill for the time Wilson's attorneys spent conferring amongst themselves.  The Court therefore reduces the hours claimed by Lloyd by 0.30 hours.

On April 2, 2018, Kuranz billed 6.0 hours preparing for and attending a judicial settlement conference.  Kuranz Decl. Ex. 1, at 21.  On the same day, Snyder billed 3.80 hours for "Attend Judge You's settlement conference."  Snyder Decl. Ex. 1, at 2.  Unlike a routine scheduling or status conference, the Court can easily see the value of having an attorney of Snyder's skill and experience assist in settlement negotiations.  The Court therefore declines to reduce Snyder's hours for the time spent participating in the judicial settlement conference.

### 3.  Duplicative, Redundant, or Excessive Hours

Fees may be reduced for expenses that appear excessive, redundant, or otherwise unnecessary in light of the tasks performed.  *Hensley*, 461 U.S. at 434.  Defendants challenge a

---

[3] Lloyd also spent 0.30 hours at the conference on November 27, 2017, but did not bill for the time.  Snyder Decl. Ex. 1, at 1.

number of Kuranz's billing entries as duplicative, redundant, or excessive. O'Connor Decl. Ex. A, at 15-17. The Court has reviewed the record and, for the sake of brevity, will only address those entries where it finds Defendants' objections to be merited, although the arguments concerning unsuccessful motions and Wilson's claims for "fees-on-fees" will be addressed in separate sections.

On March 6, 2017, Kuranz billed 0.40 hours for "Review 2nd Set of Requests for Production." Kuranz Decl. Ex. 1, at 9. The Court concludes that this entry is duplicative of the 0.40 hours for "finishing" the Second Requests for Production on March 5, 2017, and a further 0.30 hours for "finalizing" the same document on March 6, 2017. *Id.* The Court therefore reduces Kuranz's hours by 0.40.

On April 11, 2017, Kuranz billed 3.70 hours for reviewing discovery and preparing a conferral letter to opposing counsel on a motion to compel. Kuranz Decl. Ex. 1, at 9. On April 12, 2017, Kuranz billed a further 1.20 hours researching, finalizing, and sending the conferral letter. *Id.* The Court concludes that this is duplicative and excessive and reduces Kuranz's hours by 1.20.

On May 30, 2017, Kuranz billed 2.90 hours for preparing a corporate deposition notice. Kuranz Decl. Ex. 1, at 12. On June 26, 2017, Kuranz billed a further 2.90 hours for "Prepare Corporate Representative Deposition Notice; Email to O/C with Corporate Deposition Notice and Scheduling; Confirm Scheduling of Deposition [by] video." Kuranz Decl. Ex. 1, at 15. The Court concludes that the second entry is duplicative and, to the extent that it contains non-duplicative work, those tasks are clerical in nature and reduces Kuranz's hours by 2.90.

Between February 15 and 19, 2018, Kuranz billed 4.60 hours for preparing a "Settlement Communication Offer," including time spent conferring with Wilson and co-counsel. Kuranz

Decl. Ex. 1, at 20. The settlement communication is only two pages long and largely consists of a recitation of previous unsuccessful settlement efforts. Kuranz Decl. Ex. 8, at 1-2. The Court concludes that 4.60 hours is an excessive amount of time for preparing such a document and reduces Kuranz's hours by 2.60.

On February 26, February 28, and March 29, 2018, Kuranz billed 5.30 hours for reviewing and preparing jury instructions. Kuranz Decl. Ex. 1, at 20-21. The Court concludes that this is duplicative of the hours billed by Lloyd for preparing jury instructions in the same period. Snyder Decl. Ex. 1, at 2. The Court reduces Kuranz's hours by 5.30.

In total, the Court finds that 12.40 of the hours claimed by Kuranz were excessive, redundant, or duplicative.

#### 4. Travel Time

Wilson seeks fees for time Kuranz spent traveling to and from Medford, which was billed at a reduced rate of $150 per hour. Kuranz Decl. Defendants object that fees for time spent travelling is not generally recoverable and that, even if recoverable, the hours expended were not reasonably incurred.

As to the first issue, the Court concludes that Wilson is not barred from recovering fees for travel time. "Billing for travel time, in addition to travel expenses, is customary for feepaying clients within the District of Oregon." *Arnold v. Pfizer, Inc.*, No. 3:10-cv-01025-AC, 2015 WL 4603326, at *13 (D. Or. July 29, 2015); *see also Jackson & Perkins Wholesale, Inc. v. Smith Rose Nursery, Inc.*, Civ. No. 03-3091-PA, 2007 WL 2458785, at *3 (D. Or. Aug. 23, 2007) ("If properly supported and reasonable, the court may award fees for travel.").

In this case, the Court concludes that it was reasonable for Kuranz to travel to Medford to participate in depositions and declines to eliminate the associated travel time. On August 29,

2017, Kuranz spent 4.50 hours driving to Medford for oral argument on the motions for summary judgment. Kuranz Decl. Ex. 1, at 18. The Court would have permitted Kuranz to appear by telephone for the sake of efficiency and Defendants' counsel did appear by telephone at the hearing in question. ECF Nos. 93, 95. The Court therefore reduces the travel hours claimed by Kuranz by 4.50.

### 5. Unsuccessful Claims and Partial Success

Defendants challenge a number of the hours claimed by Kuranz, which were spent pursuing unsuccessful claims and motions. Where a plaintiff succeeds on only some of his claims, the Supreme Court has adopted a two-part test to determine whether a requested fee should be reduced: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434.

Under *Hensley*'s two-part test, if the unsuccessful and successful claims are unrelated, the fee award may not include fees for time spent litigating the unsuccessful claims. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Related claims "involve a common core of facts or [are] based on related legal theories." *Id.* (internal quotation marks and citation omitted). Unrelated claims are "distinctly different" and based on disparate facts and legal theories. *Id.* Factors that may be relevant in determining relatedness include whether the different claims were designed to seek relief for the same course of conduct, whether the claims were presented separately, whether testimony on claims overlapped, and whether evidence concerning one claim was material and relevant to another. *Id.*

If the unsuccessful and successful claims are related, the court must apply the second part of the *Hensley* test and gauge the overall success of the plaintiff in relation to the hours expended. *Id.* "If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive." *Id.* (quoting *Hensley*, 461 U.S. at 435-37).

In this case, Wilson's First Amended Complaint brought claims for (1) unpaid wages and overtime; (2) unlawful deductions; (3) employment discrimination; (4) wrongful discharge; and (5) for collective action on behalf of a class of similarly situated installation technicians. ECF No. 13. On June 29, 2017, Wilson voluntarily dismissed his individual claims for employment discrimination, wrongful discharge, and unpaid minimum wage, leaving his claims for unpaid overtime and unlawful deductions. ECF Nos. 70, 71. This Court then recommended denial of Wilson's motion to certify the collective action, which was adopted over Wilson's objections. ECF Nos. 82, 96. The parties filed cross motions for summary judgment. ECF Nos. 72, 76. This Court recommended that Wilson's motion for summary judgment be denied and Defendants' motion for summary judgment be granted in part and denied in part. ECF No. 97. The recommendation was adopted after another round of objections. ECF No. 102.

The Court concludes that there are some areas where the hours claimed Wilson were clearly attributable only to the dismissed and unsuccessful claims and the hours are not reasonably related to the claims upon which he ultimately prevailed. Within that category are hours related to a discovery dispute in January 2017, in which Defendants sought to subpoena Wilson's medical records and his personnel files from past employers. The Court resolved the issue by formal order, in which it held that the discovery Defendants sought was relevant specifically to Wilson's claims for employment discrimination and wrongful termination. ECF

No. 21. The 10.70 hours Kuranz expended between January 10 and January 27, 2017, disputing discovery on Wilson's medical and past employment records were not related to the eventual successful claims and must be excluded from the lodestar.

On February 7, 2017, Kuranz spent 2.50 hours researching "Issues Concerning Discovery of Plaintiffs' Medical Records; Prepare Objections to Subpoena for Medical Records." Kuranz Decl. Ex. 1, at 7. On February 8, 2017, Kuranz spent a further 2.10 hours "Finaliz[ing] Motion to Quash or for a Protective Order for Plaintiff's Medical Records." *Id.* These 4.60 hours are also related solely to the dismissed claims for employment discrimination and will be excluded from the lodestar.

The Court likewise concludes that Wilson's collective action claim was distinctly different from his surviving individual claims by virtue of being focused on identifying similarly situated individuals. The Court therefore excludes from the lodestar any hours that are attributable to Wilson's unsuccessful attempt to assemble and certify a collective action class. Although Kuranz affirms that he has eliminated time spent on the motion to certify, Reply Mem. 5; Kuranz Decl. Ex. 2, Defendants have identified and objected to a number of remaining entries that also appear to relate to the unsuccessful class certification process. O'Connor Decl. Ex. A, at 7-9. The Court has reviewed these entries and notes that many are clearly related to the unsuccessful collective action claim, but that they may have yielded witness statements and other information relevant to Wilson's individual claims. The Court will therefore reduce the claimed hours by half, yielding a reduction of 4.65 hours.

A more general issue, however, is that the time Kuranz spent pursuing the successful and unsuccessful claims throughout the discovery process is undifferentiated. Although Wilson argues that the his overtime and unlawful deduction claims share a common core of facts with

his dismissed claims for employment discrimination and wrongful discharge and that the full amount of claimed hours should be awarded, the Court is not convinced. Although there may be *some* facts that are relevant to both claims, it is clear that the claims are distinctly different and rely on disparate legal theories. For instance, as noted above and in the Court's discovery order of January 26, 2017, ECF No. 21, Defendants were entitled to pursue discovery concerning Wilson's medical history and past employment records with respect to his claims for employment discrimination and wrongful discharge, but that information would not be relevant to a claim for unpaid overtime. Under these circumstances, the Court concludes that it is reasonable to reduce the undifferentiated billing entries to account for time spent pursuing discovery on the unsuccessful claims.

Defendants argue that this reduction should be by half, based on the assumption that Kuranz devoted equal time to all claims, but such a drastic reduction is not warranted on this record. In his Reply, Wilson affirms that Kuranz spent between 5% and 10% of the time in depositions on matters related to employment discrimination and wrongful discharge and Kuranz estimates that only 10% of the discovery materials produced in this case were related to those claims. Based on these figures, Wilson suggests that a reduction of no more than 10%, or 12.74 hours, is reasonable to account for time spent on discovery concerning dismissed claims. The Court finds Wilson's suggestion reasonable and reduces the hours claimed by Kuranz by 12.74 to account for time spent pursuing discovery related to the unsuccessful claims.

In total, the Court reduces the hours claimed by Wilson for Kuranz by 32.69 for time pursuing unsuccessful and unrelated claims.

Courts may also "impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without a more specific explanation." *Moreno*, 534 F.3d

at 1112; *O'Connor v. Cnty. of Clackamas*, 2016 WL 3063869, at \*4 (D. Or. May 31, 2016) (applying the "haircut" reduction after eliminating specific billing entries). This reflects, as Kuranz aptly observed at oral argument, the need for the Court to do "rough justice" when assessing fee petitions. Upon consideration of the record, and in particular considering the scope of the litigation relative to the results achieved, the Court concludes that a haircut reduction of 10% is warranted in this case.

### 6. Total Reasonable Award

After applying the reductions discussed above, the Court finds that the following figures represent the total reasonable award, based on the lodestar. The hours claimed by Wilson for the time Kuranz spent preparing and litigating the fee petition are discussed separately and are not included in these figures.

For Quinn Kuranz, the Court finds that 268.61 hours were reasonably expended in this case. That total includes 9.50 hours for travel, which Kuranz billed at half his normal rate. At $300 per hour, this yields $79,158.00.[4] The Court further reduced this sum by 10%. The final fee award for Kuranz is therefore $71,242.20. Judy Snyder reasonably billed 11.10 hours at $450 per hour, for a fee award of $4,995.00. Holly Lloyd reasonably billed 7.60 hours at $375 per hour, for a fee award of $2,850.00. Kathryn Arnett reasonably billed 166.40 hours at a paralegal rate of $90 per hour, for a fee award of $14,976.00.

### C. Fees-on-Fees

As noted, a party is entitled to seek reasonable attorney fees for the time spent pursuing a fee petition. *Guerrero*, 70 F.3d at 1112. In this case, Wilson is seeking to claim 38.90 hours spent preparing the original attorney fee petition, plus a further 23.60 hours spent preparing the

---

[4] $79,158.00 being the sum of $77,733.00 (for 259.11 hours at $300 per hour) and $1,425.00 (9.50 hours at $150 per hour).

reply brief, and 2.50 hours preparing for and attending oral argument on the motion, for a total of 65.00 hours expended in pursuit of attorney fees. As a preliminary matter, the Court will not credit the time spent pursuing the unsuccessful motions to re-open discovery and compel production. ECF Nos. 129, 132. Between May 24 and May 31, 2018, Kuranz billed 3.60 hours for Wilson's unsuccessful motion to re-open and compel discovery. Second Kuranz Decl. Ex. 5. Kuranz's hours are reduced accordingly. This yields an adjusted total of 61.40 hours, or $18,420.00 at $300 per hour, for "fees-on-fees."

Defendants assert that Wilson is claiming a facially unreasonable amount of time to devote to an attorney fee petition and argue that no more than 8.00 hours is reasonable. Defendants do not, however, identify any specific billing entries as excessive or unreasonable. The Ninth Circuit has approved arithmetic reduction of an award of fees-on-fees by the ratio of the fees actually awarded in the underlying fee dispute to the amount therein requested. *See, e.g., Thompson v. Gomez*, 45 F.3d 1365, 1366-1368 (9th Cir. 1995); *see also Atwood v. PCC Structurals*, No. 3:14-cv-00021-HZ, 2016 WL 2944757, at *1 n.2 (D. Or. April 1, 2016) ("The Court reduces the fees for time spent on the fee petition by the same percentage as the overall lodestar reduction.").

Here, excluding the time spent on the fee petition itself, and eliminating those hours Wilson conceded in his initial petition and his Reply, Wilson seeks to claim 319.30 hours for Kuranz, or $93,690.00.[5] As discussed in the preceding sections, the Court has reduced the claimed fees for a final lodestar result of $71,242.20 for the underlying claim, a reduction of

---

[5] As the challenged hours for preparation of the fee petition involve only work performed by Kuranz, the Court will leave aside consideration of the hours claimed by Snyder, Lloyd, and Arnett. This total also includes the 14 hours Kuranz billed at half his normal rate- $93,690.00 being the sum of $91,590.00 (305.30 hours at $300) and $2,100.00 (14.00 hours at $150).

approximately 24%. Reducing the requested award of fees-on-fees by 24% yields $13,999.20, which the Court concludes is a reasonable award for fees-on-fees in this case.

## II.     Taxable and Nontaxable Expenses

Pursuant to Rule 54(d), the Court may tax specific items as costs against the losing party as stated in 28 U.S.C. §§ 1920 and 1821. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005). In an action under the FLSA, a prevailing plaintiff is further entitled to recover "a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b); *see also* ORS 652.200(2) (attorney fees, costs, and disbursements recoverable for unpaid wages). "'Costs of the action' can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." *Robledo v. Orellana*, No. 3:11-cv-00758-BR, 2012 WL 442122, at *3 (D. Or. Feb. 10, 2012). Courts have found such costs to include reasonable out of pocket expenses, such as photocopying, computerized research, and postage. *Id.*; *Mumford*, 2016 WL 8711693, at *8. The Court has reviewed Wilson's costs and finds that they were reasonably incurred and each is recoverable under either 28 U.S.C. § 1920 or 29 U.S.C. § 216(b). The Court therefore awards Wilson his taxable and non-taxable costs in the full requested amount of $4,153.72.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Fees, ECF No. 116, is GRANTED in part and DENIED in part. Plaintiff is awarded attorney fees in the amount of $108,062.40 and costs and expenses in the amount of $4,153.72.

It is so ORDERED and DATED this ___14___ day of August, 2018.

MARK D. CLARKE
United States Magistrate Judge